# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 96-CA-01403-SCT

*LENZY LOUIS HODGIN*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/11/96 |
| TRIAL JUDGE: | HON. RICHARD WAYNE McKENZIE |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY:  JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY: | E. LINDSAY CARTER |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 4/23/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 5/14/98 |

**BEFORE PRATHER, C.J., SMITH AND WALLER, JJ.**

**PRATHER, CHIEF JUSTICE, FOR THE COURT:**

¶1. This case arises from the alleged sexual molestation of several boys on a football team coached by the appellant, Lenzy Louis Hodgin. Hodgin was indicted on five counts of child fondling and one count of sexual battery. He pled guilty to one charge of fondling a seven-year-old boy. Pursuant to the State's recommendation, Hodgin was sentenced to ten years in prison for one count of fondling and the other charges were passed to the files.

¶2. On November 6, 1997, this Court affirmed the trial court's denial of Hodgin's original motion for post-conviction relief. The case *sub judice* arises from the trial court's denial of Hodgin's motion for bond pending that appeal. Because this Court has disposed of Hodgin's original motion for post-conviction relief, Hodgin's motion for appeal bond is moot. Furthermore, Mississippi statute prohibits bond for prisoners appealing the denial of post-conviction relief. *See* Miss. Code Ann. § 99-39-25 (4) (1994).

¶3. Hodgin also contends that his plea was not knowingly, intelligently, and voluntarily entered. Consideration of this issue is barred because it represents a successive application for post-conviction relief, which is prohibited by Miss. Code Ann. § 99-39-27 (9) (1994). Moreover, this Court has

previously found Hodgin's argument on this point to be without merit. ***See [Hodgin v. State](), 702 So. 2d 113 (Miss. 1997)*** (hereinafter ***Hodgin I***). Therefore, the judgment of the trial court in this case is affirmed.

¶4. In addition, this Court has been inundated with Hodgin's numerous and repetitive filings in connection with these matters, including several petitions for *writ of mandamus* and many other extraneous motions. The record reflects that the trial court has also considered countless such filings.

¶5. Moreover, this is the second time this Court has addressed these same legal and factual issues in a written opinion. Therefore, the matters considered in this and ***Hodgin I*** have been more than adequately addressed. Hodgin is prohibited from raising them again, and will be subjected to sanctions, should he file for consideration of these same issues a third time by this Court or the trial court. ***See [Ivy v. State](), 688 So. 2d 223, 224 (Miss. 1997)*** (Supreme Court and/or trial courts may impose sanctions and restrict future filings, if tailored to redress transgression and assure that valid claims will not be prohibited).

¶6. Furthermore, Hodgin may be denied *in forma pauperis* status in the future, if he continues to abuse "the system" and "the privilege" and to "disrupt the fair allocation of judicial resources . . . ." ***Ivy v. Merchant***, 666 So. 2d 445, 451 (Miss. 1995). The trial court is instructed with regard to Hodgin's future filings, if any, "to restrict this privilege if necessary." ***See Id.***

¶7. **DENIAL OF BOND AFFIRMED.**

**SULLIVAN, P.J., BANKS, McRAE, ROBERTS, SMITH, MILLS AND WALLER, JJ., CONCUR. PITTMAN, P.J., NOT PARTICATING.**