738 So.2d 271 (1999)
Eric JONES, Appellant
v.
STATE of Mississippi, Appellee.
No. 97-CP-00839 COA.
Court of Appeals of Mississippi.
February 23, 1999.
Rehearing Denied July 20, 1999.
Certiorari Denied August 26, 1999.
*272 Eric Jones, Pro Se.
Office of the Attorney General by W. Glenn Watts, Attorney for Appellee.
BEFORE McMILLIN, P.J., DIAZ, AND KING, JJ.
DIAZ, J., for the Court:
¶ 1. Eric Jones, the appellant, seeks post conviction relief after he entered guilty pleas to murder and armed robbery in the Pike County Circuit Court. The defendant raises the following issues in this appeal: (1) whether the trial court denied the appellant equal protection of the law and his right to due process by dismissing his motion for post conviction relief as being time-barred, (2) whether appellant's constitutional rights to due process and equal protection were violated by the court's denial of documentary evidence including the plea colloquy and sentencing hearing, (3) whether a ballistics report constitutes newly discovered evidence, (4) whether his guilty pleas were made voluntarily and intelligently, and (5) whether he was denied effective assistance of counsel including counsel's presence at the sentencing hearing. Finding these assignments of error without merit, we affirm. Since the first issue is dispositive, the remainder of appellant's arguments are not addressed.

FACTS
¶ 2. On March 24, 1987, Eric Jones pled guilty to murder and robbery. The Pike County Circuit Court sentenced him to a term of twenty years for the robbery and a life sentence for the murder in the custody of the Mississippi Department of Corrections. On March 6, 1989, Jones filed a petition for a trial transcript in forma pauperis in the Pike County Circuit Court. There was no designation that Jones was filing under the Mississippi Uniform Post-Conviction Collateral Relief Act (UPCCRA). That request was denied by the trial court in December 1989. Thereafter, Jones filed a notice of appeal based on the denial of the transcript. The Mississippi Supreme Court remanded this appeal to the trial court of Pike County which denied the request finding that it was "nothing more than a fishing expedition."
¶ 3. On June 17, 1997, Jones filed a motion to vacate and set aside conviction under the UPCCRA and also raised similar issues as in this appeal. The circuit court denied relief on June 20, 1997. The trial court found that Jones's claims were time-barred by virtue of his filing the motion for post conviction relief more than ten years after his sentence was imposed on March 24, 1987. The circuit court judge also noted that although newly discovered evidence is an exception to the three-year statute of limitations, the purported new evidence, if any, could have been discovered sooner by due diligence.
¶ 4. Jones filed a motion to modify and correct the record in the Mississippi Supreme Court on September 10, 1997. Once again, the Mississippi Supreme Court remanded the motion to the Pike County Circuit Court for consideration. The circuit court denied the motion to supplement the record. Thereafter, the Mississippi Supreme Court also denied the motion to *273 supplement the record in November 1997. Thereafter, Jones perfected this appeal.

DISCUSSION
¶ 5. Jones argues, inter alia, that he was wrongfully denied access to the transcripts of his plea colloquy and sentencing hearing. The State contends on appeal that Jones's petition is barred from consideration because his motion was filed outside the three-year statute of limitations provided in Mississippi's Post-Conviction Relief Act. Miss.Code Ann. § 99-39-5(2) (Rev.1994). The Post-Conviction Relief Act provides that where an accused pleads guilty, he may file a motion for post conviction relief within three years after the entry of the judgment against him. Id. There are, however, three exceptions to this statute of limitation: (1) intervening decisions which would have adversely affected the outcome of the petitioner's conviction or sentence, (2) newly discovered evidence, and (3) allegations that a petitioner's sentence has expired or his probation or parole has been unlawfully revoked. Id. Unless a prisoner's claims fall within one of the statutory exceptions, his petition for post conviction relief is time-barred. Bevill v. State, 669 So.2d 14, 17 (Miss. 1996).
¶ 6. The required notice of appeal "shall be filed with the clerk of the trial court within 30 days after the date of entry of the judgement or order appealed from." M.R.A.P 4(a); see also Tandy Electronics v. Fletcher, 554 So.2d 308, 310 (Miss.1989)(holding that notice of appeal filed 32 days after judgment was untimely). Although the Mississippi Supreme Court had not affirmatively stated that the time limit for appeals was 30 days at the time pertinent to this appeal, it was recognized that the time limit for filing the notice was considerably shorter than 90 days. State v. Ridinger, 279 So.2d 618, 620 (Miss.1973). Nevertheless, Jones did not file any documentation with the circuit court until more than two years after the entry of judgment.
¶ 7. States "must provide an indigent defendant with a transcript of prior proceedings when that transcript is needed for an effective defense on appeal." Britt v. North Carolina, 404 U.S. 226, 227, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971). The Mississippi Supreme Court has addressed the denial of transcripts in Fleming v. State, 553 So.2d 505, 506 (1989) and its progeny:
A prisoner who has filed a proper motion pursuant to this Act, and whose motion has withstood summary dismissal under § 99-39-11(2), may be entitled to trial transcripts or other relevant documents under the discovery provisions of § 99-39-15, upon good cause shown and in the discretion of the trial judge. If the prisoner's request for transcripts or other documents is denied, and his overall petition is ultimately denied, then he may appeal the denial of his petition for collateral relief pursuant to § 99-39-25 which provides that final judgments entered under the Act may be reviewed by [the supreme court] on appeal brought by either the State or the prisoner. Within that appeal, the prisoner may include the claim that the denial of his request for transcripts or other documents was error....
Id. (citations omitted). Without good cause shown or that the additional information sought is relevant to the appeal, prisoners are not entitled to discovery documents. Roland v. State, 666 So.2d 747, 751 (1995). Prisoners must prove that they have been prejudiced by not having had prior access to transcripts. Taylor v. State, 682 So.2d 359, 366 (1996). If a prisoner does not demonstrate sufficient need, he is not entitled to a free copy of his plea transcript. Walker v. State, 703 So.2d 266, 267 (1997).
¶ 8. In the case sub judice, Jones's petition is time-barred because it was filed outside the three-year statute of limitations provided for in the UPCCRA. Finally, Jones claims that he was wrongfully *274 denied the transcripts of his plea colloquy and sentencing hearing because those documents show newly discovered evidence that would be an exception to the statute of limitations. These matters are granted within the discretion of the trial judge and with good cause shown. The record is replete with denials from the Mississippi Supreme Court and the circuit court judge indicating that Jones' requests were nothing more than a fishing expedition and could have been discovered earlier with due diligence. Without a sufficient demonstration of need, Jones is not entitled to free copies of his plea transcript and sentencing hearing. Therefore, Jones's appeal is dismissed for failure to file within the applicable three-year statute of limitations.
¶ 9. THE JUDGMENT OF THE PIKE COUNTY CIRCUIT COURT OF DENIAL OF POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO PIKE COUNTY.
BRIDGES, C.J., McMILLIN AND THOMAS, P.JJ., COLEMAN, IRVING, KING, LEE, PAYNE, AND SOUTHWICK, JJ., CONCUR.