756 So.2d 1 (1999)
James M. LYLE, IV, Appellant,
v.
STATE of Mississippi, Appellee.
No. 97-CP-00200-COA.
Court of Appeals of Mississippi.
March 9, 1999.
Rehearing Denied June 8, 1999.
Certiorari Denied August 19, 1999.
Appellant, pro se.
Office of the Attorney General by Scott Stuart, Attorney for Appellee.
BEFORE McMILLIN, P.J., DIAZ, AND KING, JJ.
DIAZ, J., for the Court:
¶ 1. James M. Lyle, IV, appeals to this Court pro se the decision of the Circuit Court of Harrison County, Second Judicial District denying his motion for post conviction relief. The defendant asserts the following issues in this appeal: (1) that the circuit court was in error in dismissing his petitions for post conviction collateral relief as barred as successive writs, (2) that the circuit court erred in failing to grant him an evidentiary hearing on the issues asserted in his petitions for post conviction collateral relief and (3) that the issues asserted in his petitions for post conviction collateral relief fall under the Supreme Court's appellate review pursuant to the "plain error" doctrine, fundamental miscarriage of justice and actual innocence standards. We find that the defendant has failed to prove all three of these claims. Therefore, we affirm the ruling of the circuit court.

FACTS
¶ 2. On March 19, 1993, James Matin Lyle, IV, was charged with the transfer of a controlled substance, less than one (1) ounce of marijuana on October 1, 1992, and again on October 2, 1992, in Harrison County, Mississippi to Gulfport Police Detective Mike Hall in violation of Miss.Code Ann. § 41-29-139 (Rev.1993). Lyle entered pleas of guilty to the crimes of sale of marijuana. Lyle had previously been convicted of felonies, one involving possession of a controlled substance and the other involving embezzlement. The court sentenced Lyle to serve terms of six years and three years, consecutively, without parole.
*2 ¶ 3. The district attorney recommended and the court ordered that Lyle be sentenced only to three years on the second count, finding it to be proportionate to the crime. The court entered the order on October 4, 1993. Lyle filed a Motion to Vacate and Set Aside convictions on April 4, 1994. The circuit court treated the motion as an action for relief under the Post Conviction Relief Act. The court denied relief. Lyle filed two additional Motions for Post Conviction Collateral Relief on October 4, 1996. The court denied the Motions as being successive. The court entered another order on January 8, 1996 denying Lyle's relief and finding that he had again sought post-conviction collateral relief for convictions after the court had already ruled upon his original motion. Lyle filed a motion of appeal asserting that he wished to appeal the order entered January 8, 1997.

DISCUSSION
¶ 4. Although the appellant's appeal from Harrison County Circuit Court is difficult to understand, this Court follows the dictates of Myers v. State, 583 So.2d 174, 176 (Miss.1991) by taking into account the fact that a prisoner proceeding pro se deserves credit for allegations that are not well plead and "that a prisoner's meritorious complaint may not be lost because [it is] inartfully drafted."

I. DID THE LOWER COURT ERR IN DISMISSING APPELLANT'S PETITIONS FOR POST CONVICTION COLLATERAL RELIEF AS BARRED AS SUCCESSIVE WRITS?
¶ 5. The defendant argues that his former appointed attorney tricked him into voluntarily dismissing his first appeal knowing that any new petitions would be dismissed as successive writs because Lyle and his family were unable to pay his attorney's fees. The defendant cites no legal authority in support of this assignment of error. The supreme court has repeatedly stated that it is the appellant's duty to provide authority in support of his claims of error. Drennan v. State, 695 So.2d 581, 585-86 (Miss.1997). Nevertheless, a review of the merits of this issue shows this assignment of error is without merit. Lyle's petitions were successive, and Mississippi law does bar successive petitions. In Hodgin v. State, 710 So.2d 404 (Miss.1998), the Mississippi Supreme Court found consideration of a successive application was barred under Miss.Code Ann. § 99-39-27(9) (Rev.1994). The inmate contended that his plea of guilty was not knowingly, intelligently, and voluntarily entered. The court found that consideration of this issue was barred because it represented a successive application for post-conviction relief. Hodgin, 710 So.2d at 405.
¶ 6. This Court can, however, examine a claim that the sentence was illegal, even if the writ is successive. Lyle claims that the sentence was illegal because his sentence was doubled from three years to six years. The facts in this case show that Lyle was sentenced for a second or subsequent violation under the Controlled Substances Act, which states, "A person convicted of a second or subsequent offense under the Uniformed Controlled Substances Act may be imprisoned for a term of up to twice the term otherwise authorized." Miss.Code Ann. § 41-29-147 (Rev.1993). The law and the facts in this case supports a finding that Lyle was legally sentenced to six years for his second drug conviction.

II. DID THE LOWER COURT ERR IN FAILING TO GRANT THE APPELLANT AN EVIDENTIARY HEARING ON THE ISSUES ASSERTED IN HIS PETITIONS FOR POST CONVICTION COLLATERAL RELIEF?
¶ 7. The purpose of an evidentiary hearing is for the court to receive evidence in order to make findings of fact. The supreme court held in Milam v. State, 578 So.2d 272, 273 (Miss.1991), that if there are not any disputed or disputable facts, and the question is merely the interpretation of *3 statutes, no evidentiary hearing is required.
¶ 8. Without directly doing so, the appellant claims that he was denied his Sixth Amendment right to effective assistance of counsel with regard to his first appeal. The appeal was voluntarily dismissed by Lyle on the alleged direct advice and assurances of his former retained attorney, Davey Tucker, and Assistant District Attorney Mark Ward. Ward allegedly reasoned with Lyle that the appeal had to be dismissed to allow jurisdiction in Lyle's case to revert back to the Circuit Court of Harrison County wherein newly agreed petitions could be filed by Tucker. When Lyle's retained attorney submitted a bill for his services, he was fired. Lyle subsequently had his family file two new petitions which he admits he "hastily prepared," on the deadline date of October 4, 1996. Lyle states that he was counseled by Mark Ward to hire another attorney to amend the petitions Lyle had filed. When he failed to do so, his petitions were dismissed by Judge Vlahos as barred as successive writs.
¶ 9. In order to succeed on any ineffective assistance of counsel claim, the defendant must satisfy the two-part test articulated in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), as adopted by the Mississippi Supreme Court in Stringer v. State, 454 So.2d 468, 477 (Miss.1984), which requires a showing that (1) counsel's performance was deficient and (2) that the deficiency prejudiced the defense. "The burden to demonstrate both prongs is on the defendant who faces a strong but rebuttable presumption that counsel's performance falls within the broad spectrum of reasonable professional assistance." Eakes v. State, 665 So.2d 852, 872-73 (Miss.1995). "Only where there is a reasonable probability that without counsel's error, the outcome of the trial would have been different, will this Court find ineffective representation." Id. at 873. Lyle was facing two six year terms without the possibility of parole or sentence reduction, a total of twelve years. The court sentenced Lyle to nine years. Lyle's claim that he is innocent of the two crimes is contradicted by Lyle's petition to enter plea of guilty. Under the two-prong test of Strickland and Stringer, the appellant failed to prove these claims.

III. WHETHER OR NOT THE ISSUES ASSERTED BY LYLE SHOULD HAVE BEEN REVIEWED AS PLAIN ERROR, FUNDAMENTAL MISCARRIAGE OF JUSTICE, AND ACTUAL INNOCENCE STANDARDS.
¶ 10. Lyle argues that the court should extend its review upon the merits to the "plain error" doctrine, the fundamental miscarriage of justice and actual innocence standards. Lyle argues that the plain errors involved defective indictments, unlawful sentences, involuntary guilty pleas, ineffective assistance of counsel, and prosecutorial and law enforcement misconduct. None of Lyle's complaints fall under the statutory exceptions to the successive writ bar.
¶ 11. The appellant further contends that since he followed his attorney's instructions, his unobjected to issues are not procedurally barred. Lyle has raised this issue for the first time on appeal. Appellants are not entitled to raise new issues on appeal because to do so prevents the trial court from addressing the alleged error. Dunn v. State, 693 So.2d 1333, 1339 (Miss.1997). The appellant failed to raise this issue with the circuit court, and therefore, this assignment of error is precluded from appellate review.
¶ 12. The order denying post conviction relief was properly within the discretion of the Circuit Court of Harrison County, and therefore, this Court affirms that decision.
¶ 13. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT OF DENIAL OF POST-CONVICTION RELIEF IS AFFIRMED. *4 ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, COLEMAN, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR.