LEE, J.,
For The Court.
¶ 1. James M. Lyle, IV, previously challenged his pleas of guilty entered on two counts of transfer of a controlled substance by filing petitions for post-conviction collateral relief with the trial court. The trial court dismissed his petitions and Lyle filed a timely appeal. Lyle’s petitions were reviewed by this Court in the opinion styled Lyle v. State, 756 So.2d 1 (Miss.Ct.App.1999). This Court affirmed the dismissal of the petitions holding they were barred from review because they were successive writs, and because an issue was raised for the first time on appeal. See Miss.Code Ann. § 99-39-27(9) (Rev.1994); Dunn v. State, 693 So.2d 1333, 1339 (Miss.1997). Once again, Lyle has filed a pro se petition for post-conviction collateral relief which attacks the entry of his guilty pleas regarding the two counts of transfer of a controlled substance and the enhanced penalty he received as an habitual offender. The following issues are presented: (1) whether the trial court erred when it denied Lyle an evidentiary hearing, as well as dismissing his claims for relief due to the fact that it was a successive petition, (2) whether the trial court erred when it denied Lyle relief based on the argument that he received an unlawfully enhanced sentence, (3) whether Lyle’s guilty pleas were rendered involuntary because of inef *677 fective assistance of counsel, and (4) whether the trial court erred when it did not include the transcript of Lyle’s guilty pleas in the record for purposes of an appeal. Finding that these issues are without merit, we affirm.
FACTS
¶2. Lyle pled guilty to two counts of transfer of a controlled substance. The trial court determined that Lyle was a habitual offender and sentenced him to a term of nine years in the custody of the Mississippi Department of Corrections without parole. Since that time, Lyle has filed several petitions for post-conviction collateral relief, arguing issues that relate to the underlying convictions and sentences in the aforementioned guilty pleas. For a more detailed statement of the facts and previous legal analysis please refer to Lyle v. State, 756 So.2d 1 (Miss.Ct.App.1999). After Lyle’s appeal was heard by this Court and the dismissal of said petition affirmed, Lyle’s motion for rehearing and a writ of certiorari were denied. Thereafter, Lyle filed a petition for writ of habeas corpus with the Mississippi Supreme Court.
¶ 3. The Mississippi Supreme Court entered an order which concluded:
Lyle’s challenge to his prison sentence is in the nature of a motion for post-conviction relief. Lyle asserts that the Court of Appeals did not address the issue when affirming the denial of post-conviction relief by the trial court. Lyle’s present claim must be filed in the trial court pursuant to Miss.Code Ann. § 99-39-7.
It is ordered that the petition for writ of habeas corpus be and hereby is dismissed as inappropriately filed.
Pursuant to the order, Lyle once again filed numerous petitions for post-conviction relief with the trial court. The trial court denied each petition and Lyle has once again filed an appeal for review by this Court.
STANDARD OF REVIEW
¶ 4. “When reviewing a lower court’s denial of post-conviction relief this Court will not disturb the lower court’s factual findings unless they are found to be clearly erroneous.” Clay v. State, 792 So.2d 302, 304 (¶ 5) (Miss.Ct.App.2001) (citation omitted).
DISCUSSION
I. WHETHER THE TRIAL COURT ERRED WHEN IT DENIED LYLE AN EVIDENTIARY HEARING, AS WELL AS DISMISSING HIS CLAIMS FOR RELIEF DUE TO THE FACT THAT IT WAS A SUCCESSIVE PETITION.
II. WHETHER THE TRIAL COURT ERRED WHEN IT DENIED LYLE RELIEF BASED ON THE ARGUMENT THAT HE RECEIVED AN UNLAWFULLY ENHANCED SENTENCE.
AND
III. WHETHER LYLE’S GUILTY PLEAS WERE RENDERED INVOLUNTARY BECAUSE OF INEFFECTIVE ASSISTANCE OF COUNSEL.
¶ 5. Issues one through three meet the same fate as when presented to this Court in Lyle v. State, 756 So.2d 1 (Miss.Ct.App.1999). These arguments have previously been argued and addressed by this Court; therefore, as before, these issues are deemed successive and barred. See Hodgin v. State, 710 So.2d 404, 405 (¶ 3) (Miss.1998); see also Miss.Code Ann. § 99-39-27(9) (Supp.2001).
IV. WHETHER THE TRIAL COURT ERRED WHEN IT DID NOT *678 INCLUDE A TRANSCRIPT OF LYLE’S GUILTY PLEAS IN THE RECORD FOR THE PURPOSES OF AN APPEAL.
¶ 6. On appeal Lyle argues that he had requested that a copy of his guilty plea hearing on October 4, 1993, grand jury minutes/report of March 19, 1993 and a certified copy of the district attorney’s case files be included in the record regarding each charge of sale of marijuana. The record shows that on May 17, 2000, Lyle filed a “motion for discovery, expansion of the record, state to file an evidentiary hearing” which requested these documents for review. On July 11, 2001, the trial court responded to this request and entered an order which stated:
Upon a review of the motion, the case file and the applicable law, the Court finds that the petitioner’s Motion to Supplement the Certified Record of Appeal is not well taken and should be denied. Based on the order signed by the undersigned judge, the petitioner’s post-con-vietion relief motions were denied as successive filings. It is on that narrow issue that the petitioner’s appeal is predicated. Transcripts of his arraignment or plea and sentencing hearings are irrelevant to the issue of whether the petitioner’s post-conviction relief motions are successive.
Ordered that the petitioner’s Motion to Supplement the Certified Record of Appeal is hereby denied.
¶ 7. Since Lyle has filed successive petitions, we conclude that he has failed to show need or prejudice, the records are not relevant. The trial judge did not abuse his discretion in denying a free copy of the guilty plea and grand jury transcript to Lyle. See Jones v. State, 738 So.2d 271, 273-74 (¶¶ 7-8) (Miss.Ct.App.1999). This issue is without merit.
¶ 8. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT DISMISSING THE PETITION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS, CHANDLER and BRANTLEY, JJ., concur.