# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2004-KA-02039-SCT

*LENZY LOUIS HODGIN*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/30/2004 |
| TRIAL JUDGE: | HON. RICHARD A. SMITH |
| COURT FROM WHICH APPEALED: | SUNFLOWER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | AELICIA L. THOMAS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: DESHUN TERRELL MARTIN |
| DISTRICT ATTORNEY: | JOYCE IVY CHILES |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 07/26/2007 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## BEFORE WALLER, P.J., GRAVES AND RANDOLPH, JJ.

## GRAVES, JUSTICE, FOR THE COURT:

¶1.     Lenzy Hodgin was convicted of fondling and sexual battery in the Circuit Court of Sunflower County and sentenced to twenty years on each count to be served consecutively in the custody of the Mississippi Department of Corrections.  Thereafter, Hodgin's post-trial motions were denied and he perfected this appeal.

## FACTS

¶2.     When he was approximately seven years old, M.C.[1] would accompany other family members to visit his grandfather at Parchman. During these visits, Hodgin, who was also serving time at Parchman, befriended M.C. and his family and eventually began molesting M.C. M.C. testified that Hodgin, whom he knew as L.H., would follow him into the bathroom, rub M.C.'s genital area, and put his mouth on M.C.'s penis. Hodgin then began writing letters to M.C. and his family in an attempt to arrange future opportunities to see M.C. The grandfather became aware of an incident involving Hodgin being placed on lockdown at the prison and told M.C.'s mother about the incident. Upon being asked about Hodgin by his mother, M.C. then relayed what Hodgin had been doing to him. Hodgin was convicted of fondling and sexual battery and sentenced to twenty years on each count, to be served consecutively. Subsequently Hodgin filed this appeal.

## ANALYSIS

### I. The court erred in accepting Carol Langendun as an expert in the field of child abuse.

¶3.     Hodgin asserts that he had no objection to Langendun being accepted as an expert in the field of forensic interviewing, but that he objected to Langendun being accepted as an expert in the field of child abuse and to Langendun's testimony that M.C. was molested. Further, Hodgin asserts that the trial court erroneously accepted Langendun as an expert in child abuse and that Langendun was used as a "human polygraph."

---

[1]Initials will be used to protect the minor's identity.

¶4. Hodgin's entire argument on this issue pertains to Langendun as a forensic interviewer. Such an argument is improper because Hodgin had no objection to Langendun being certified as an expert in forensic interviewing. On direct examination of Langendun, the following exchange occurred:

Q. What is a forensic interviewer?

A. It's an investigative interview conducted to assess whether or not a child has been abused and, if so, what happened in the child's own words. It's conducted in a neutral fact-finding manner, so I, as an interviewer, don't lead, or coerce, a child into making a statement. Rather, they are allowed to give their own statement in their own words.

Then, on cross-examination:

Q. Okay. All right. So is it tantamount to be more on a psychological side?

A. No. It's investigative, because forensic interviewing is considered a soft science. There's no way that science can test whether or not a child is with 100 percent accuracy telling the truth about sexual abuse allegations or not, because they can't abuse children to test, and, therefore, we have to rely on research on child development issues and all sorts of other factors to formulate a finding based on the statement that the child gives during the interview.

¶5. Hodgin was clearly informed of the scope of forensic interviewing and he had no objection.

¶6. In addition, Hodgin asserts that Langendun was improperly used as a "human polygraph." In support of this claim, Hodgin cites *Carr v. State*, 655 So. 2d 824, 836 (Miss. 1995). However, *Carr* pertains to the admissibility of polygraph results and is not applicable to this case. Further, Hodgin failed to object during Langendun's testimony regarding M.C.'s consistency, reliability and/or truthfulness, and objected only later based on her

3

"characterization of I think." The following exchange occurred during direct examination of Langendun:

> Q. Okay. Is it unusual that [M.C.] didn't tell what had happened to him immediately?
> A. It's not at all unusual. When a child is molested, it's very confusing, especially when it's a person of authority, like an adult. We're taught from birth to obey and respect and never contradict an adult, so, you know, when he was molested, I think he displayed that he was not –
> BY [COUNSEL FOR HODGIN]: Judge, I object to her characterization of I think. If she's going to give an expert opinion, that's one thing, but speculation, I think it would be something else.

¶7. Hodgin is not entitled to raise new issues on appeal that he has not first presented to the trial court for determination. **Bush v. State**, 895 So. 2d 836, 842 (Miss. 2005). Since objections must be specific in nature, the issue was never properly brought before the trial court. "In order to preserve an issue for appeal, counsel must object. The failure to object acts as a waiver." **Carr v. State**, 873 So. 2d 991, 1004 (Miss. 2004) (citing **Oates v. State**, 421 So. 2d 1025, 1030 (Miss. 1982)).

¶8. We find that this issue is without merit.

**II. The court erred in admitting the videotape without redacting inadmissible evidence prior to allowing the jury to view the videotape.**

¶9. Hodgin asserts that the trial court erred in allowing the videotape of M.C.'s interview to be admitted into evidence without redacting a portion in which M.C. is asked whether he had any knowledge of Hodgin's committing similar offenses with other children. Hodgin cites **Mitchell v. State**, 539 So. 2d 1366, 1372 (Miss. 1989), as authority. However, in **Mitchell**, a witness became confused and began testifying in specific detail about incidents

4

that happened with other victims and then continued to confuse different incidents with different victims. ***Id.*** at 1369. The trial court in ***Mitchell*** granted a mistrial, but Mitchell was tried again and convicted. ***Mitchell*** is clearly distinguishable from this case.

¶10. This Court reviews the admission or exclusion of evidence for abuse of discretion. ***Clark v. State***, 891 So. 2d 136, 139 (Miss. 2004) (citing ***Herring v. Poirrier***, 797 So. 2d 797, 804 (Miss. 2000)).

¶11. Rule 404 of the Mississippi Rules of Evidence (M.R.E.) provides, in relevant part:

> **(b) Other Crimes, Wrongs, or Acts.** Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

M.R.E. 404(b).

¶12. In the videotaped interview in this case, M.C. did not make a conclusive statement about any other incident. M.C. merely said that someone saw Hodgin in the bathroom with M.C. and M.C.'s cousin and that Hodgin was then on lockdown. M.C.'s statement does not include evidence of any other crimes, wrongs or acts. Therefore, we find that the trial court did not err in admitting the videotape.

¶13. Hodgin also asserts that the trial court erred in allowing M.C.'s mother to testify as to the statements M.C. made to her under Rule 803(25) of the M.R.E., which states:

> **(25) Tender Years Exception.** A statement made by a child of tender years describing any act of sexual contact performed with or on the child by another is admissible in evidence if: (a) the court finds, in a hearing conducted outside the presence of the jury, that the time, content, and circumstances of the statement provide substantial indicia of reliability; and (b) the child either (1)

5

testifies at the proceedings; or (2) is unavailable as a witness: provided, that when the child is unavailable as a witness, such statement may be admitted only if there is corroborative evidence of the act.

M.R.E. 803(25).

¶14. In this case, the hearing was conducted outside the presence of the jury, the trial court found substantial indicia of reliability, and the child testified. Accordingly, we find that this issue is without merit.

**III. The court erroneously denied Hodgin's right to confrontation by refusing to allow impeachment evidence concerning M.C.'s statements not being corroborated.**

¶15. Hodgin asserts that, during cross-examination of Langendun, he should have been able to impeach M.C.'s statements to Langendun by showing that they were not corroborated by M.C.'s cousin. The trial court sustained the State's objection, finding that Hodgin had the opportunity to call the cousin as a witness. We agree. Therefore, we find that this issue is without merit.

**IV. The Court erred in denying Hodgin's motion to quash the indictment.**

¶16. Hodgin asserts that the indictment is defective because it fails to provide the specific dates that the offenses occurred. The indictment states that the offenses occurred on or before November 24, 2002.

¶17. The question of whether an indictment is defective is an issue of law and is reviewed de novo by this Court. Failure to provide the correct date in an indictment does not render the indictment insufficient. *Morris v. State*, 595 So. 2d 840, 842 (Miss. 1991) (citing Miss. R. Crim. P. 2.05). The prosecution is required only to provide the defendant with the specific

6

date of the act if at all possible. *Wilson v. State*, 515 So. 2d 1181, 1183 (Miss. 1987). In this case, as in *Morris*, the State narrowed the time frame as much as possible.

¶18. An indictment must contain (1) the essential elements of the offense charged, (2) sufficient facts to fairly inform the defendant of the charge against which he must defend, and (3) sufficient facts to enable him to plead double jeopardy in the event of a future prosecution for the same offense. *See Hamling v. U.S.,* 418 U.S. 87, 117, 94 S. Ct. 2887, 2907, 41 L. Ed. 2d 590 (1974). *See also Love v. State*, 211 Miss. 606, 52 So. 2d 470 (1951). An indictment must inform a defendant of the nature and cause of the charges brought against him. Miss. Const. Ann. art. 3 § 26. Hodgin was put on notice of the nature and cause of the charges against him. Further, the victim's testimony narrowed the time frame even more.

¶19. Accordingly, we find that this issue is without merit.

**V. The jury's verdict was against the overwhelming weight of the evidence and the sufficiency of the evidence.**

¶20. The standard of review for a post-trial motion is abuse of discretion. The inquiry is whether the evidence shows "beyond a reasonable doubt that accused committed the act charged, and that he did so under such circumstances that every element of the offense existed; and where the evidence fails to meet this test it is insufficient to support a conviction." *Dilworth v. State*, 909 So. 2d 731, 736 (Miss. 2005) (citing *Carr v. State*, 208 So. 2d 886, 889 (Miss. 1968)). "In other words, the question to be answered, viewed in the light most favorable to the prosecution, is whether 'any rational trier of fact could have found

7

the essential elements of the crime beyond a reasonable doubt.'" ***Smith v. State***, 925 So. 2d 825, 830 (Miss. 2006) (citations omitted). "Assuming arguendo that this Court may believe the evidence at trial failed to establish guilt beyond a reasonable doubt, that is, nevertheless an insufficient basis for reversal." ***Id.***

¶21. Hodgin merely asserts: "There is no way reasonable minded jurors could find the Appellant guilty of the indicted charge if the inadmissible evidence had not been admitted. As such, the convictions against the Appellant should be dismissed." The evidence was admissible, as discussed herein. Further, the evidence was sufficient to support a conviction. Therefore, this argument is without merit.

¶22. A motion for a new trial challenges the weight of the evidence, and a reversal is warranted only if the trial court abused its discretion in denying the motion for a new trial. ***Dilworth***, 909 So. 2d at 737. "A greater quantum of evidence favoring the State is necessary for the State to withstand a motion for a new trial, as distinguished from a motion for J.N.O.V." ***Id.*** (quoting ***Pharr v. State***, 465 So. 2d 294, 302 (Miss. 1984)). "Only in 'exceptional cases in which the evidence preponderates heavily against the verdict' should the trial court invade the province of the jury and grant a new trial. . . . The verdict must be 'so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.'" ***Dilworth***, 909 So. 2d at 737 (citations omitted).

¶23. In addition to the aforementioned evidence, witnesses also testified at trial regarding Hodgin's access to M.C. and other visitors and the bathroom then used by both visitors and inmates, Hodgin's attempts to place M.C. on his list of approved visitors, Hodgin's

8

unauthorized possession of photographs of M.C. stolen from M.C.'s grandfather and the letters written by Hodgin to M.C. and his family.

¶24. In this case, the jury's verdict was not contrary to the overwhelming weight of the evidence. As such, this argument is without merit.

**CONCLUSION**

¶25. Accordingly, for the reasons stated above, the Sunflower County Circuit Court judgment of conviction for fondling and sexual battery and sentences of twenty years on each count to be served consecutively in the Mississippi Department of Corrections are affirmed.

**COUNT ONE: CONVICTION OF FONDLING AND SENTENCE OF TWENTY (20) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED. SENTENCE SHALL NOT BE REDUCED OR SUSPENDED NOR SHALL APPELLANT BE ELIGIBLE FOR PAROLE OR PROBATION. COUNT TWO: CONVICTION OF SEXUAL BATTERY AND SENTENCE OF TWENTY (20) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED. SENTENCE SHALL NOT BE REDUCED OR SUSPENDED NOR SHALL APPELLANT BE ELIGIBLE FOR PAROLE OR PROBATION. SENTENCES SHALL RUN CONSECUTIVELY.**

**SMITH, C.J., WALLER AND DIAZ, P.JJ., EASLEY, CARLSON, DICKINSON, RANDOLPH AND LAMAR, JJ., CONCUR.**