IRVING, J.,
for the Court.
¶ 1. The Circuit Court of Pike County consolidated and summarily dismissed as time barred two motions filed by Eric Jones seeking relief from his convictions, pursuant to guilty pleas, of murder and armed robbery. Jones, appearing pro se, is before this Court a second time attempting to obtain post-conviction relief stemming from his convictions of the aforementioned crimes. He alleges that the circuit court committed reversible error in consolidating and summarily dismissing his petitions.
¶ 2. We find no error on the part of the circuit court; therefore, we affirm the judgment of the circuit court in all particulars.
FACTS
¶ 3. We obtain our facts largely from the recitation of facts in Jones’s first appeal. That appeal is reported at Jones v. State, 738 So.2d 271 (Miss.Ct.App.1999) (Jones I). We supplement those facts with events that have transpired since our first review.
¶ 4. On March 24, 1987, Eric Jones pleaded guilty to murder and armed robbery. The Pike County Circuit Court sentenced him to life and twenty years, respectively, in the custody of the Mississippi Department of Corrections.
¶ 5. On June 17, 1997, Jones filed a motion to vacate and set aside his conviction. The circuit court denied relief, finding that Jones’s claims were time-barred by virtue of his filing the motion for post-conviction relief more than ten years after his sentence was imposed. We affirmed the trial court’s denial of post-conviction relief. Id. at 274(¶ 9).
¶ 6. On September 30, 2002, Jones filed another motion to vacate and/or set aside his conviction and sentence for armed robbery, and on November 7, 2002, he filed a separate motion for the same relief as to his murder conviction. The trial judge entered an order consolidating both of Jones’s motions. After reviewing the motions, the trial court summarily dismissed them, finding that they represented “an ongoing series of meritless fishing expeditions by Eric Jones.”
ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 7. When reviewing a trial court’s denial of a motion for post-conviction relief, an appellate court will reverse only where the decision of the trial court was clearly erroneous. Kirksey v. State, 728 So.2d 565, 567(¶ 8) (Miss.1999).
¶ 8. Jones argues that the trial court abused its discretion by holding that his motions for post-conviction relief were both time-barred and successive motions in violation of the provisions of the Mississip *197 pi Uniform Post-Conviction Collateral Relief Act. The State counters that Jones’s claims are indeed barred first, because they were made beyond the three year statute of limitations period and second, because they constitute successive claims. We agree with the State.
¶ 9. An order from the trial court dismissing a prisoner’s motion or otherwise denying relief concerning post-conviction relief is a final judgment and shall be conclusive until reversed. “It shall be a bar to a second or successive motion.... ” Miss.Code Ann. § 99-39-23(6) (Supp.2003). In this case, the trial court, upon finding that Jones failed to file his petitions within the three-year statute of limitations, issued an order on June 20,1997, denying Jones’s motion for post-conviction relief. As we discussed earlier, this Court affirmed the trial court’s denial of Jones’s motions. Therefore, the trial court’s order serves as a bar to any issues now brought forth by Jones through any successive motion,[1] unless he can demonstrate an exception to that statutory bar. Miss.Code Ann. § 99-39-23(6) (Supp.2003). These recognized exceptions are (1) intervening decisions which would have adversely affected the outcome of the prisoner’s conviction or sentence, (2) newly discovered evidence, not reasonably discoverable at the time of trial, which would have caused a different result in the outcome of the prisoner’s sentence or conviction had it been admitted at trial, and (3) allegations that a petitioner’s sentence has expired or his probation or parole has been unlawfully revoked. Id.
¶ 10. Here on appeal, Jones argues that the trial court erred when it applied the time and successive motion bars to his latest motions for post-conviction relief because he had obtained newly discovered evidence. He explains that his acquirement of this evidence exempted his petition from the time and successive writ bars applied by the court. According to Jones, the newly discovered evidence was not discoverable at the time he pleaded guilty and would have demonstrated that he is innocent of the crimes to which he pleaded guilty.
¶ 11. The newly discovered evidence of which Jones discusses is an affidavit from a Charles Lott. In the affidavit, Lott purports that a Kevin Turner made various admissions to him while they were incarcerated. According to Lott, Turner stated that Jones was unaware that Turner had a gun or that Turner was going to shoot the victim, that, in an attempt to save the victim’s life, Jones pushed Turner’s gun away when Turner was shooting the victim, and that Turner had expressed his sorrow for destroying Jones’s life and causing Jones to go to prison.
¶ 12. If newly discovered evidence would likely produce a different result and the proponent shows that the evidence was discovered since the plea, that it could not have been discovered before the plea by the exercise of due diligence, that it is material to the issue, and that it is not merely cumulative, or impeaching, then such evidence justifies a successive challenge. Miss.Code Ann. § 99-39-23(6) (Supp.2003).
¶ 13. We note in Jones I, Jones made a claim of newly discovered evidence. Then it was a ballistics report. In this appeal, it is the affidavit of Charles Lott. Nevertheless, it does not matter because Jones pleaded guilty to the crimes. He cannot now profess his innocence on the basis that *198 someone else actually committed one of the crimes. Surely, he knew whether he was guilty of murder at the time he entered his plea. We therefore, see no merit to Jones’s claim of newly discovered evidence to justify a successive post-conviction relief motion.
¶ 14. After a review of the record, we do not find that the circuit court abused its discretion in finding that Jones’s motions were both time-barred and successive.
¶ 15. THE JUDGMENT OF THE PIKE COUNTY CIRCUIT COURT DISMISSING POST-CONVICTION RELIEF MOTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO PIKE COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ„ CONCUR.

. The bar against successive filings applies not only to issues actually determined in a previous post-conviction relief proceeding, but to those issues that could have been raised. Smith v. State, 648 So.2d 63, 66 (Miss.1994).