FACTS AND PROCEDURAL HISTORY
JAMES, J.,
for the Court:
¶ 1. Eric Jones pled guilty to murder and armed robbery in 1987. The Pike County Circuit Court sentenced' him to twenty years for armed robbery and life for murder in the custody of the Mississippi Department of Corrections. Jones filed a motion for postconviction relief (PCR) in 1997. The trial court denied Jones’s motion, finding that Jones’s claims were time-barred. In Jones v. State, 738 So.2d 271, 274 (¶ 9) (Miss.Ct.App.1999), we affirmed the trial court’s decision.
¶ 2. In 2002, Jones filed a second motion to vacate and/or set aside his conviction for armed robbery and filed a separate motion for the same relief as to his murder conviction. The trial court consolidated the two motions and dismissed them as an “ongoing series of meritless fishing expeditions.” In Jones v. State, 897 So.2d 195, 198 (¶ 15) (Miss.Ct.App.2004), we again affirmed the trial court’s denial of PCR.
¶ 3'. On September 18, 2013, Jones filed yet another PCR motion on the basis that he was never indicted for armed robbery. He argued that pursuant to Rowland[1] his claim constitutes a violation of a fundamental constitutional right sufficient to overcome any procedural bars.
' ¶ 4. The trial court found that Jones entered a knowing, voluntary, and intelligent guilty plea to armed robbery and murder. The trial court found that Jones waived his right to complain about the indictment since he pled guilty. Furthermore, the court found that Jones did not claim and could not demonstrate that he was not on notice of the amended lesser charges to which he pled guilty. The trial court dismissed Jones’s PCR motion, finding that he failed to demonstrate that a fundamental, right had been violated sufficient to. trigger Rowland; therefore, his claims were time-barred and successive-writ barred. Jones appealed.
DISCUSSION
¶ 5. When considering the denial of a PCR motion, the trial court’s factual findings will not be disturbed unless they are clearly erroneous; however, questions of law are reviewed de novo. Moore v. State, 986 So.2d 928, 932 (¶ 13) (Miss.2008).
¶ 6, Jones argues that the trial court abused its discretion by holding that his PCR motion was both time-barred and successive-writ barred. Jones’s motion addresses various alleged violations of his constitutional rights, but his overall argument is that his conviction and sentence for armed robbery violated his fundamental constitutional rights because he was never indicted for armed robbery. This argument is without merit.
¶7. It is-true that the Mississippi Supreme Court'has held that “errors affecting fundamental constitutional rights are excepted from the procedural bars of the [Uniform Post-Conviction Collateral Relief Act.]” Rowland, 42 So.3d at 507 (¶ 9). But a “mere assertion of a constitu *1274 tional right violation does not trigger the exception.” Ratcliff v. State, 126 So.3d 118, 120 (¶ 7) (Miss.Ct.App.2013) (internal citations and quotation marks omitted).
¶ 8. Jones was initially indicted for capital murder, with the underlying felony of robbery. On or about March 13, 1987, Jones withdrew his plea of not guilty, and pled guilty to the lesser charges of armed robbery and murder. Jones does not challenge the voluntariness of his guilty plea. Jones also cannot demonstrate that he was not on notice of the amended lesser charges to which he pled guilty. The record before us shows that Jones bargained for the lesser charges of murder and armed robbery and entered a knowing, voluntary, and intelligent guilty plea to the lesser charges. Jones waived his right to an indictment for armed robbery when he bargained for that charge and pled guilty to the crime. See Young v. State, 797 So.2d 239, 243 (¶¶ 7-9) (Miss.Ct.App.2001). Accordingly, the trial court did not err in denying Jones’s PCR motion.
¶ 9. We find Jones’s claim does not meet an exception to the time-bar and successive-writ bar and is without merit; therefore, we affirm the dismissal of his PCR motion. • -
¶10. THE JUDGMENT OF THE PIKE COUNTY CIRCUIT COURT DENYING THE MOTION FOR POSTC0N-VICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PIKE COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, WILSON AND GREENLEE, JJ., CONCUR. :

. Rowland v. State, 42 So.3d 503, 508 (¶ 12) (Miss.2010).