# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CP-00584-COA

**LENZY LOUIS HODGIN A/K/A LENZY L. HODGIN A/K/A LENZY HODGIN**                                  **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                  **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/11/2020 |
| TRIAL JUDGE: | HON. JON MARK WEATHERS |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | LENZY LOUIS HODGIN (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 10/26/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE WILSON, P.J., WESTBROOKS AND McDONALD, JJ.

### WILSON, P.J., FOR THE COURT:

¶1.     In 1994, Lenzy Louis Hodgin was indicted on five counts of fondling a child and one count of sexual battery.  He pled guilty to one count of fondling a seven-year-old boy and was sentenced to serve ten years.  In 2018, Hodgin filed a motion for post-conviction relief (PCR), claiming that his plea counsel told him if he pled guilty, he would likely serve only nine to eighteen months.  Hodgin alleged that when he pled guilty, he did not know his sentence was "mandatory."  The circuit court denied Hodgin's motion, finding that it was barred by the statute of limitations and the successive-motions bar.  We affirm.

### FACTS AND PROCEDURAL HISTORY

¶2. Hodgin was indicted in 1994 on five counts of fondling and one count of sexual battery after he was accused of molesting children he coached in flag football. Hodgin pled guilty to one count of fondling, and in exchange the State agreed to pass the other charges to an "inactive" file. At the plea hearing, the circuit judge asked Hodgin if he was entering the plea "on any inducement of parole, probation, good time earned, flat time, work release, or anything that would in any manner shorten [his] stay at the penitentiary if [he] was ordered there." Hodgin said no. He was sentenced to serve ten years (the maximum possible sentence at the time) in the custody of the Mississippi Department of Corrections.[1]

¶3. In 1995, Hodgin filed a PCR motion attacking his plea. Hodgin alleged that his plea was involuntary because he pled guilty with a group of defendants, and the judge did not address him "personally." He also claimed that he would not have pled guilty if he had known that the sentence recommended by the State was the statutory maximum. He also alleged that his plea counsel provided ineffective assistance by allowing him to plead guilty with a number of other defendants and without a "proper plea hearing." The circuit court denied Hodgin's motion, and the Supreme Court affirmed, finding that his arguments were "without merit." *Hodgin v. State*, 702 So. 2d 113, 116-17 (¶¶20, 27-28) (Miss. 1997).

¶4. Hodgin also appealed the circuit court's denial of his motion for bond pending appeal.

---

[1] Hodgin long ago finished serving his ten-year sentence. He is now serving time on a subsequent conviction for sexual battery, which he committed while incarcerated at Parchman. *See Hodgin v. State*, 964 So. 2d 492 (Miss. 2007). Although he is no longer serving his sentence for the 1994 conviction, he has standing to file a PCR motion. *See Howell v. State*, 283 So. 3d 1100, 1104-05 (¶¶16-17) (Miss. 2019).

The Supreme Court dismissed that appeal as moot because the Court had already affirmed the denial of Hodgin's PCR motion. *Hodgin v. State*, 710 So. 2d 404, 405 (¶2) (Miss. 1998). The Court also noted that a prisoner appealing the denial of a PCR motion is not eligible for release on bond pending appeal. *Id.* Next, the Court noted that Hodgin raised the same meritless claims as in his prior appeal. *Id.* at (¶3). The Court stated that it had been "inundated with Hodgin's numerous and repetitive filings in connection with these matters, including several petitions for writ of mandamus and many other extraneous motions," and that the circuit court had "also considered countless such filings." *Id.* at (¶4). The Court warned Hodgin that he was "prohibited from raising [the same issues] again, and [would] be subjected to sanctions, should he file for consideration of these same issues a third time by [the Supreme] Court or the trial court." *Id.* at (¶5). The Court also instructed that Hodgin could be denied the right to proceed in forma pauperis if he continued to abuse the judicial system with repetitive filings. *Id.* at (¶6).

¶5. In 2018, Hodgin filed a second PCR motion, alleging that his guilty plea was involuntary and that he received ineffective assistance of counsel. Hodgin alleged that he did not know that his sentence for a sex offense had to be served day-for-day and that his plea counsel told him that he likely would serve only nine to eighteen months if he pled guilty. Hodgin also submitted an affidavit from a nephew who claimed to have overheard Hodgin's plea counsel tell Hodgin that he would only serve nine to eighteen months. The circuit court directed the State to file a response, and the State argued that Hodgin's motion

3

was barred by the statute of limitations and the successive-motions bar. The State also submitted an affidavit from Hodgin's plea counsel, who denied that he ever told Hodgin that he would serve only nine to eighteen months. The circuit court denied Hodgin's motion, finding that it was barred by the statute of limitations and the successive-motions bar. Hodgin filed a notice of appeal.

## ANALYSIS

¶6. A PCR motion must be filed within three years after a judgment of conviction. Miss. Code Ann. § 99-39-5(2) (Rev. 2020). In addition, an order dismissing or denying a PCR motion "shall be a bar to a second or successive [PCR] motion." Miss. Code Ann. § 99-39-23(6) (Rev. 2020). Hodgin's motion is clearly time-barred because it was filed twenty-four years after he pled guilty. It is also an impermissible successive motion because it his second such motion.

¶7. There are certain statutory exceptions to the statute of limitations and the successive-motions bar. The burden is on the movant to show that he meets one of these exceptions. *Stokes v. State*, 199 So. 3d 745, 749 (¶10) (Miss. Ct. App. 2016). Hodgin seems to argue that his nephew's affidavit brings his claim within a statutory exception for cases in which the movant "has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence." Miss. Code Ann. § 99-39-5(2)(a)(i) (exception to the statute of limitations); *see also id.* § 99-39-23(6) (substantively

4

identical exception to the successive-motions bar). However, the nephew's affidavit is not the type of evidence that can satisfy this standard. The nephew's claim about a conversation he overheard between Hodgin and plea counsel has nothing to do with Hodgin's guilt or innocence and obviously is not evidence that could have "been introduced at trial." Moreover, this evidence was "reasonably discoverable" when Hodgin pled guilty.

¶8. The Supreme Court has also held that claims alleging violations of certain "fundamental rights" are excepted from the statute of limitations and successive-motions bars. *Rowland v. State*, 98 So. 3d 1032, 1036 (¶6) (Miss. 2012), *overruled on other grounds by Carson v. State*, 212 So. 3d 22, 33 (¶38) (Miss. 2016). "However, involuntary-guilty-plea claims do not fall under the fundamental-rights exception." *Johnson v. State*, 313 So. 3d 1104, 1105 (¶5) (Miss. Ct. App. 2021). In addition, ineffective-assistance-of-counsel claims may be excepted from the successive-motions bar only in "extraordinary circumstances." *Kelly v. State*, 306 So. 3d 776, 778-79 (¶9) (Miss. Ct. App. 2020), *cert. denied*, 308 So. 3d 440 (Miss. 2020). Hodgin fails to allege any such "extraordinary circumstances," and he provides no justification for his twenty-four-year delay in pursuing this claim. *Id.* at 779 (¶10). Therefore, the circuit court correctly held that Hodgin's PCR motion is barred by both the statute of limitations and the successive-motions bar.

¶9. **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**