# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-CP-00831-COA

CRAYTONIA BADGER                                                         APPELLANT

v.

STATE OF MISSISSIPPI                                                       APPELLEE

DATE OF JUDGMENT:              08/09/2022
TRIAL JUDGE:                   HON. TOMIKA HARRIS IRVING
COURT FROM WHICH APPEALED:     COPIAH COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        CRAYTONIA BADGER (PRO SE)
ATTORNEY FOR APPELLEE:         OFFICE OF THE ATTORNEY GENERAL
                               BY: LAUREN GABRIELLE CANTRELL
NATURE OF THE CASE:            CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                   AFFIRMED - 08/01/2023
MOTION FOR REHEARING FILED:

**BEFORE CARLTON, P.J., LAWRENCE AND SMITH, JJ.**

**CARLTON, P.J., FOR THE COURT:**

¶1.    This appeal was taken from the Copiah County Circuit Court's order denying Craytonia Badger's third motion for post-conviction collateral relief (PCR). Badger filed this PCR motion in July 2022, over twelve years after Badger pleaded guilty to possession of contraband in a correctional facility, and was sentenced to serve seven years in the custody of the Mississippi Department of Corrections (MDOC).

¶2.    The circuit court denied Badger's July 2022 PCR motion on August 9, 2022, finding his motion was time-barred under the Mississippi Uniform Post-Conviction Collateral Relief Act (UPCCRA), Miss. Code Ann. §§ 99-39-1 to -29 (Rev. 2020). The circuit court further found that Badger had failed to meet any statutory exception under the UPCCRA or

"fundamental rights" exception as set forth in *Rowland v. State* (*Rowland II*), 98 So. 3d 1032 (Miss. 2012), which was still in effect at that time. *See infra* ¶7. Finding no error, we affirm.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

¶3. In November 2009, Craytonia Badger pleaded guilty in the Copiah County Circuit Court to possession of contraband (a cell phone) in a correctional facility. *See* Miss. Code Ann. § 47-5-193 (Supp. 2008). The circuit court sentenced Badger to serve seven years in the custody of the MDOC. *Badger v. State*, 290 So. 3d 377, 380 (¶8) (Miss. Ct. App. 2020).

¶4. Badger filed a PCR motion a month after pleading guilty, asserting in that motion "that his guilty plea was unknowingly and involuntarily made." *Id.* at 379 (¶1). The circuit court denied Badger's motion, and he appealed to this Court. *Id.* Badger then moved to voluntarily dismiss his appeal in September 2010, which this Court granted in November 2010. *Id.* at (¶2); Order, *Badger v. State*, No. 2010-CP-00132-COA (Miss. Ct. App. Nov. 2, 2010).[1]

¶5. In August 2017, Badger filed a motion for certain relief that challenged, among other matters, the validity of his November 2009 guilty plea. The circuit court denied Badger's motion, and he appealed. This Court found that the August 2017 motion was effectively a

---

[1] Following dismissal of his first appeal, Badger filed two more motions that were dismissed by the circuit court, appealed, and dismissed on appeal. The first motion was dismissed by the Mississippi Supreme Court for lack of jurisdiction. Order, *Badger v. State*, No. 2016-CP-01259 (Miss. Feb. 23, 2017). The second motion was dismissed by the Mississippi Supreme Court Clerk pursuant to Mississippi Rule of Appellate Procedure 2(a)(2) for Badger's failure to file an appellant's brief. Notice, *Badger v. State*, No. 2016-CP-01608 (Miss. May 2, 2017).

PCR motion and affirmed the circuit court's order denying Badger's PCR motion because it was untimely, successive, and lacked merit. *Badger*, 290 So. 3d at 384-86 (¶¶27-38).

¶6. Badger filed his current PCR motion on July 18, 2022, again attacking the validity of his November 2009 guilty plea. The circuit court entered an order denying Badger's PCR motion as time-barred and without merit because Badger failed to show he met any statutory exception to the bars set forth in the UPCCRA or a "fundamental rights" exception as set forth in *Rowland II*.

¶7. As addressed below, the judicially crafted "fundamental rights" exception first delineated in *Rowland v. State* (*Rowland I*), 42 So. 3d 503, 507 (¶12) (Miss. 2010), and reiterated in subsequent cases, has since been overruled by *Howell v. State*, 358 So. 3d 613, 615 (¶8) (Miss. 2023). We therefore analyze Badger's appeal under the principles adopted by the Mississippi Supreme Court in *Howell*. Upon review, we find that Badger's PCR motion is both untimely and successive, and Badger has failed to show that his untimely, successive motion meets any statutory exception to the bars set forth in the UPCCRA. Accordingly, we affirm the circuit court's denial of Badger's July 18, 2022 PCR motion.

## STANDARD OF REVIEW

¶8. "We review a circuit court's 'dismissal or denial of a PCR motion for abuse of discretion' and decline to reverse unless 'the circuit court's decision is clearly erroneous.'" *Taylor v. State*, 348 So. 3d 1017, 1019 (¶4) (Miss. Ct. App. 2022) (quoting *Hunt v. State*, 312 So. 3d 1233, 1234 (¶6) (Miss. Ct. App. 2021)). Questions of law are reviewed de novo. *Id.*

3

**DISCUSSION**

¶9. The UPCCRA contains a three-year time-bar. Applicable here, the UPCCRA provides that a PCR motion following a guilty plea must be filed "within three . . . years after entry of the judgment of conviction." Miss. Code Ann. § 99-39-5(2). The circuit court's sentencing order was entered in November 2009. *Badger*, 290 So. 3d at 385 (¶27). Badger did not file his current PCR motion until July 18, 2022, which was well over twelve years after his sentencing order was entered. Badger's PCR motion is untimely and barred by the three-year limitations period set forth in section 99-39-5(2).

¶10. The UPCCRA also bars successive motions. In particular, section 99-39-23(6) provides that "any order dismissing the petitioner's motion or otherwise denying relief" as requested in a PCR motion "shall be a bar to a second or successive [PCR] motion." Miss. Code Ann. § 99-39-23(6). This appeal concerns Badger's third PCR motion relating to his guilty plea. In *Badger*, 290 So. 3d at 384 (¶28), this Court found that Badger's second PCR motion was successive. We find that Badger's third PCR motion challenging his guilty plea is likewise successive and barred by section 99-39-23(6).

¶11. In short, Badger's current PCR motion is plainly barred as both untimely and successive.

¶12. We recognize that the UPCCRA delineates certain statutory exceptions to these litigation bars. *See* Miss. Code Ann. § 99-39-5(2)(a)(i)-(ii) & (b) (providing exceptions to the UPCCRA's three-year statute of limitations); *id.* § 99-39-23(6) (providing substantively

4

identical exceptions to the UPCCRA's successive-motions bar). These statutory exceptions under the UPCCRA are (1) "an intervening decision . . . which would have actually adversely affected the outcome of his conviction or sentence," (2) "[conclusive] evidence, not reasonably discoverable at the time of trial," (3) untested (or inadequately tested) biological evidence, and (4) an expired sentence or unlawful revocation of probation, parole, or conditional release. *See* Miss. Code Ann. § 99-39-5(2)(a)(i)-(ii) & (b); *id.* § 99-39-23(6). Badger, as the PCR movant, bears the burden of proving his claims are not barred because of a statutory exception. *Cook v. State*, 301 So. 3d 766, 777 (¶32) (Miss. Ct. App. 2020). Badger has not asserted any statutory exception to the time-bar or successive-motions bar under the UPCCRA.

¶13.   Instead, Badger essentially attacks the validity of his 2009 guilty plea based upon alleged violations of his "fundamental rights." He asserts on appeal that he was not advised of his "fundamental right" to self-representation before entering his plea; nor, according to Badger, was he advised of his "constitutional right to be informed of the right to appeal claims outside the scope of the plea agreement." Badger asserts that had he been so advised, he would not have pleaded guilty and, instead, proceeded to trial. But these claims do not fall within a statutory exception to the UPCCRA's litigation bars.

¶14.   These claims, if anything, would "fall within the judicially crafted 'fundamental-rights exception' to the bars." *Simoneaux v. State*, 359 So. 3d 665, 667 (¶7) (Miss. Ct. App. 2023). But the supreme court recently addressed this exception and overruled any precedent that has

5

held that "the fundamental-rights exception can apply to the substantive, constitutional bars codified by the Legislature in the [UPCCRA]." *Howell*, 358 So. 3d at 616 (¶12). Accordingly, based on the supreme court's holding in *Howell*, we conclude that Badger's claims of a fundamental-rights exception fail to apply to or overcome the UPCCRA's statutory bars. *See Simoneaux*, 359 So. 3d at 667-68 (¶¶7-8).

## CONCLUSION

¶15. Because Badger's current PCR motion is barred by the UPCCRA, we find no error in the circuit court's denial of Badger's motion.

¶16. **AFFIRMED.**

**BARNES, C.J., WILSON, P.J., GREENLEE, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR. WESTBROOKS AND McDONALD, JJ., CONCUR IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**